IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 3:11-CR-6 |
| DEWYATT A. HILL, also known as "Jughead," | ) ) ) | (VARLAN/SHIRLEY) |
| Defendant. | ) ) | |

## **MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the Court on June 20, 2011, for a hearing on Defendant Dewyatt Hill's Motion for Severance of Defendants [Doc. 47], filed on April 13, 2011. Assistant United States Attorneys Kelly A. Norris and Zachary C. Bolitho appeared on behalf of the Government. Attorney William J. Taylor represented Defendant Hill, who was also present.

In his motion, Defendant Hill asks the Court to grant a severance of his trial from the case of his co-defendants, Defendant Daniel D. Gibson, Defendant Mortan Dean Moore, also known as "Dean Moore," and Defendant Donald G. Hopson, Jr., also known as "Don Jr.," pursuant to Rule 14 of the Federal Rules of Criminal Procedure.[1] See Fed. R. Crim. P. 14. Defendants Moore and

---

[1] The Defendant requests a Rule 14 severance, rather than arguing that he was improperly joined under Rule 8 of the Federal Rules of Criminal Procedure. "A Rule 14 severance motion does not preserve a Rule 8 misjoinder objection," United States v. Weiner, 988 F.2d 629, 634 (6th Cir. 1993) (citing United States v. Scaife, 749 F.2d 338, 344 (6th Cir. 1984)). At the June 20, 2011 hearing on this motion, counsel for Defendant Hill acknowledged this and confirmed that his motion was brought under Rule 14 as a request for severance on the basis of prejudice.

1

Hopson have since changed their pleas, and their cases will no longer go to trial [Doc. 70 and Doc. 71]. Thus, the Court only considers this motion with regard to Defendants Gibson and Hill.

In support of Defendant Hill's request that his trial be severed from Defendant Gibson's, he asserts that a joint trial will result in "spillover prejudice" to him. He further contends that the Government's introduction of Defendant Gibson's December 23, 2010 statement to police will violate his confrontation rights as set out in Bruton and that the violation cannot be avoided through redaction. See Bruton v. United States, 391 U.S. 123, 135-36 (1968). The Government responds that Defendant Hill has failed to show substantial, undue, or compelling prejudice and that any potential Bruton issue may be resolved through its proposed redactions of Defendant Gibson's confession.

At the June 20, 2011 hearing on Defendant Hill's motion, the Government specified which pages of the transcript of Defendant Gibson's interrogation [Exhibit 1] it proposed be eliminated or redacted. The Government proffered that pages 56 through 67 (inclusive), and pages 71 through 74 (inclusive), be eliminated in their entirety. The Government also agreed to the redaction of page 2, deleting from Officer Jinks's statement, "I understand. Is it Jughead?" to his question, "Jughead?" On page 75, the Government proffered that the word "Jug" be replaced by a neutral term, such as "associate" or "individual," rather than deleting the entirety of the following sentence: "That's where Jug was taking care of everything, he was separating everything and everything." The Defendant requested that, at a minimum, the full sentence on page 75 be deleted, because the jury will infer that the person described by the neutral term is Defendant Hill because he will be the only defendant other than the speaker, Defendant Gibson, sitting at the defense table at trial. Defendant Hill requested that the entire section discussing the burning of items from the

robberies be deleted because he believes that the inclusion of the discussion without the statement indicating that "Jug" burned the items will confuse the jury and prejudice him due to the number of vague pronouns used on page 75. While Defendant Hill does not object to the other proposed deletions and does not himself propose further sections of Exhibit 1 to be deleted or redacted, he claims that the Government's proposed deletions and redactions will fail to eliminate the prejudice caused by a joint trial in this case, and he maintains that severance should be granted in spite of the proffered redactions.

Defendant Hill is charged in seven counts of a thirteen-count Superseding Indictment [Doc. 2] with conspiring with Defendants Daniel D. Gibson, Donald G. Hopson, Jr., Mortan Dean Moore, and James Lee Marable (charged in a separate Information) to obtain controlled substances by robbing pharmacies and to acquire large sums of cash through the sale of stolen controlled substances between the approximate dates of September 14, 2010, to December 17, 2010 (Counts One, Two, Six, and Eight). Defendant Hill is also charged with brandishing a firearm during a crime of violence (Counts Three, Seven, and Nine). In Counts Four and Ten, the Superceding Indictment charges Defendant Gibson and Defendant Moore with having committed two additional pharmacy robberies, in which Defendant Hill is not charged.

Defendant Hill contends that a joint trial will prejudice him in this case because he is only charged with the commission of three of the five armed robberies charged in the Superceding Indictment. Both Defendant Hill and the Government rely heavily on Zafiro v. United States, 506 U.S. 534 (1993) (holding that conflicting defenses do not mandate severance and that the relief to be tailored for prejudice caused by mutually conflicting defenses is left to the discretion of the district court). "There is a preference in the federal system for joint trials of defendants who are

indicted together." Id. at 537. Joint trials are preferred in these instances because, "'there is almost always common evidence against the joined defendants that allows for the economy of a single trial.'" United States v. Lopez, 309 F.3d 966, 971 (6th Cir. 2002) (quoting United States v. Phibbs, 999 F.2d 1053, 1067 (6th Cir. 1993)), cert. denied 537 U.S. 1244. However, where joinder appears to prejudice a defendant or the government, Rule 14 allows the District Court to grant a "severance of defendants or provide whatever other relief justice requires." Fed. R. Crim. P. 14. Severance is appropriate "'only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence.'" Lopez, 309 F.3d at 971 (quoting Zafiro, 506 U.S. at 539). For a defendant's motion for severance to be granted, he must show more than an increased likelihood of acquittal if tried separately: he must show "substantial," "undue," or "compelling" prejudice. United States v. Warner, 971 F.2d 1189, 1196 (6th Cir. 1992) (quoting tests from other Sixth Circuit cases).

Defendant Hill does not argue that he and Defendant Gibson will present antagonistic defenses or "point the finger" at one another at trial. Rather, he argues that evidence that the Government presents of the two alleged robberies, in which he is not charged with having participated, will draw the jury's attention to him and spill over to him, resulting in "spillover prejudice." Defendant Hill asserts that the jury will be unable to separate the evidence presented against him related to the three robberies with which he is charged, from the evidence of the other two robberies with which Defendant Gibson is additionally charged. However, "[t]here is a strong policy in favor of joint trials when charges will be proved by the same series of acts, and there is a presumption that the jury will be able to sort out the evidence applicable to each defendant and render its verdict accordingly." United States v. Horton, 847 F.2d 313, 317 (6th Cir. 1988) (internal

4

citations omitted). Further, defendants charged jointly with participation in a conspiracy should generally be tried jointly. See United States v. Weiner, 988 F.2d 629, 634 (6th Cir. 1993).

The Government contends that the evidence presented at trial will show that Defendant Hill's participation in the robberies was not, as he argues, minor, but was instead extensive, aggressive, and violent. The Government further argues that the alleged conspiracy and the facts of many of the robberies will be presented through the same evidence for both Defendant Hill and Defendant Gibson. Thus, it asserts that holding separate trials and impaneling two juries would lead to an unnecessary waste of resources. At the hearing, the Government asserted that victims of the robberies will testify as witnesses at trial and that it would be undesirable and unnecessary for them to be required to testify about a traumatic event two separate times. The Government also argued that the jury would have little difficulty separating which evidence applies to which robbery and which defendant, because five distinct robberies took place. In response, Defendant Hill asserted that the testimony of the victims from the two robberies with which he is not charged, as well as the similar nature of all five robberies, will prejudice him at a joint trial.

As a corollary to his argument that he will be prejudiced by a joint trial, Defendant Hill argues that the admission of Defendant Gibson's December 23, 2010 statement at trial will violate his confrontation rights as set out in Bruton, 391 U.S. 123. The Supreme Court of the United States has held that the admission of a co-defendant's confession, which also inculpates the defendant, in their joint trial violates the confrontation rights of the defendant even if the trial court gives a limiting instruction directing the jury to consider the confession only with respect to the confessing co-defendant. Bruton, 391 U.S. at 127. In Richardson v. Marsh, 481 U.S. 200, 208 (1987), the Court limited Bruton by upholding the introduction of a co-defendant's statement, which

5

was not facially incriminating to the defendant, even though the co-defendant's statement became incriminating to the defendant when linked to other evidence presented at trial. The "Confrontation Clause is not violated by the admission of a nontestifying codefendant's confession with a proper limiting instruction when, . . . the confession is redacted to eliminate not only the defendant's name, but any reference to his or her existence." Id. at 211.

The Court again refined its holding in Bruton in Gray v. Maryland, 523 U.S. 185, 192 (1998), in which it held that redacting a co-defendant's confession by replacing the defendant's name with a blank or the term "deleted" would still violate the defendant's constitutional rights. "[R]edactions that replace a proper name with an obvious blank, the word 'delete,' a symbol, or similarly notify the jury that a name has been deleted are similar enough to Bruton's unredacted confessions as to warrant the same legal results." Id. at 195. When a statement is redacted using blanks, "deleted," or other symbols, the incrimination to the objecting defendant "does not depend, in any special way, upon the other evidence introduced in the case." Id. at 197.

Thus, the Court turns to the question of whether Defendant Gibson's statement can be redacted such that it does not violate Defendant Hills's confrontation rights. The Government argues that redaction of the statement to eliminate Bruton issues will be simple in this case because of the nature of Defendant Gibson's confession, having refused to discuss the participation of others until the latter part of the interrogation. Defendant Hill agrees with the sections of Exhibit 1 that the Government proposes to eliminate entirely, but argues that retention of a neutral term, such as "individual" or "associate," instead of "Jug" on page 75 of Exhibit 1, as suggested by the Government, directly implicates him.

In Richardson, during the joint murder trial of Williams and Marsh, the prosecution

introduced the redacted statement of Williams that made no reference to Marsh and stated that Williams and a third person committed the crime. 481 U.S. at 203. The redacted confession stated that Williams and the third person discussed the murder in the car en route to the victim's house, but it did not state that anyone else was in the car. Id. at 203-04. Although Marsh's subsequent testimony that she was in the back seat of the car allowed the jury to infer that she heard this conversation and participated in the murder, the redacted statement was not facially incriminating to Marsh. Id. at 208. Thus, the Court held that the redacted statement, which omitted all reference to Marsh's name or existence, was properly admitted. Id. at 211.

Further, in Gray, the prosecution redacted the statement as follows: "'Question: Who was in the group that beat Stacey? Answer: Me, deleted, deleted, and a few other guys.'" Gray, 523 U.S. at 196 (quoting from statement). The Court suggested that further redaction of the answer to read "Me and a few other guys," could have rendered the statement admissible. Id. at 196-97. Thus, even though the Court rejected redaction by using a blank or the term "deleted," it did not reject the use of neutral pronouns such as "others."

In the present case, however, the only remaining defendants at trial will be Defendant Hill and Defendant Gibson. Thus, on page 75 of Exhibit 1, when the jury hears Defendant Gibson's statement that his "associate" or an "individual" burned items after one of the charged robberies, as the Government suggests, the jury will be likely to link the neutral term to Defendant Hill. Further, the Government argued at the hearing that other witnesses would testify at trial to the fact that Defendant Hill burned the items at the time in question. In this respect, the retention of the term "associate" or "individual" directly incriminates Defendant Hill.

While a statement does not become facially incriminating and thus violate a

7

defendant's confrontation rights simply because other evidence corroborating the statement will be produced at trial, the Court finds that the Government's proposed redaction on page 75 would not, as is required, keep Defendant Gibson's statement from referencing the existence and actions of Defendant Hill. Accordingly, the Court finds that the following redaction, suggested by the Government, would violate Defendant Hill's confrontation rights: "That's where [my associate/an individual] was taking care of everything, he was separating everything and everything." Instead, the Court rules that the following section on page 75 referencing Defendant Hill allegedly burning items shall be deleted in its entirety:

JINKS: Who all was there when you got there. [sic]

GIBSON: There ain't nobody there but Tasha. And she was, we was outside and I assumed there was nobody there but Tasha so I went inside and used the restroom and I snorted one pill off the bathroom sink and I didn't see nobody else in the house and then I went back outside. That's where Jug was taking acre of everything, he was separating everything and everything.

JINKS: Did he burn it there?

GIBSON: No, I'm hoping he burned it there. He said he burned it (unintelligible). I mean I don't think she knew nothing, knew nothing, I don't think she did.

The Court finds that the deletion of this section on page 75 is necessary to ensure that "the confession is redacted to eliminate not only the defendant's name, but any reference to his or her existence." Richardson, 481 U.S. at 211. The statement, "He said he burned it," is essentially a confession made by Defendant Hill through Defendant Gibson, and the Court finds this to be both prejudicial to Defendant Hill and inadmissible. At trial, the Government may offer other evidence of the event described and may seek to prove its occurrence through other means.

As to the proposed redactions, the Court agrees with the Government's proffer of the

deletion of pages 56 through 67 (inclusive), and pages 71 through 74 (inclusive), and orders that those pages be eliminated in their entirety. On page 2, the Court orders that the following section be deleted in its entirety:

JINKS: I understand. Is it Jughead?

GIBSON: Huh?

JINKS: Jughead?

GIBSON: I don't know. I mean I'm saying, I'm not saying who I done it with. I'll just tell you (unintelligible).

Lastly, as stated above, on page 75, the Court orders that from "Who all was there when you got there," to "I mean I don't think she knew nothing, knew nothing, I don't think she did," be deleted. The Court notes that if Defendant Gibson decides to testify at trial, the Government may introduce Defendant Gibson's statement in full, because counsel for Defendant Hill can cross-examine Defendant Gibson about the statement. See Hodges v. Rose, 570 F.2d 643, 646 (6th Cir. 1978).

With regard to Defendant Hill's Rule 14 severance motion, because the statement can be properly redacted and Defendant Hill has failed to show "substantial," "undue," or "compelling" prejudice persisting after the ordered redactions, the Court finds no reason that Defendant Hill should be severed from Defendant Gibson for trial. The Court orders that the Defendant Hill's Motion for Severance of Defendants **[Doc. 47]** is **DENIED**.

**IT IS SO ORDERED.**

ENTER:

   s/ C. Clifford Shirley, Jr.
United States Magistrate Judge